UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

| GEORGE W. STOKES,      | No. 19-cv-14311 (NLH) (AMD) |
|                        |                             |
|         Plaintiff,     |                             |
|                        |                             |
|    v.                  |           OPINION           |
|                        |                             |
| ERIC PRICE, et al.,    |                             |
|                        |                             |
|         Defendants.    |                             |

APPEARANCE:
George W. Stokes, 260218
Atlantic County Jail
5060 Atlantic Ave.
Mays Landing, NJ 08330
     Plaintiff Pro se

HILLMAN, District Judge

	Plaintiff George W. Stokes, presently incarcerated in the Atlantic County Jail in Mays Landing, New Jersey, seeks to bring a claim pursuant to 42 U.S.C. § 1983, against Eric Price, Detective John Doe, and the Atlantic County Prosecutor's Office. See ECF No. 1.

	At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the Complaint without prejudice. 28 U.S.C. § 1915(e)(2)(b)(ii).

                                  1

I.  BACKGROUND

Plaintiff alleges Detectives Eric Price and John Doe came to his house in October 2017 and "began questioning [him] concerning charges [they were] planning on charging [him] with." ECF No. 1 at 5.  Plaintiff told them he was represented by counsel, but the detectives told him it was a new procedure. Id.  Plaintiff was questioned again on December 6, 2017 without his attorney.  Id.  He was subsequently arrested after a court appearance on December 6, 2017.  Id. at 6.

Detective Price continued to question Plaintiff while he was detained.  Id.  John Doe was present for all interrogations but did not stop Detective Price.  Id.  On June 3, 2019, Plaintiff won a motion declaring that his right to remain silent had been violated.  Id.

II.  STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis.  The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding in forma pauperis and is incarcerated.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

III. DISCUSSION

A. Claims Based on Suppressed Statements

Plaintiff seeks damages for being incarcerated on charges that he was indicted on after the violation of his rights under Miranda v. Arizona, 384 U.S. 436 (1966).

To the extent the complaint alleges violations of Plaintiff's Fifth Amendment rights, he has failed to state a claim. "[V]iolations of the prophylactic Miranda procedures do not amount to violations of the Constitution itself." Giuffre v. Bissell, 31 F.3d 1241, 1256 (3d Cir. 1994); see also Chavez v. Martinez, 538 U.S. 760, 767 (2003). "[I]t is the use of

3

coerced statements during a criminal trial, and not in obtaining an indictment, that violates the Constitution." Renda v. King, 347 F.3d 550, 559 (3d Cir. 2003); see also Ojo v. Luong, 709 F. App'x 113, 118 (3d Cir. 2017) (citing Renda).

Plaintiff states he was indicted based on the statements that were later determined to have been obtained in violation of his right to remain silent. In other words, he won a motion to suppress his statements and they cannot be used at trial. He therefore has not stated a claim for relief.

Plaintiff seeks compensation for the time he was held on the charges that were brought based on the purportedly coerced statements. The Courts construes this as a false imprisonment claim "A 'grand jury indictment or presentment constitutes prima facie evidence of probable cause to prosecute'; this presumption will only be overcome 'by evidence that the presentment was procured by fraud, perjury or other corrupt means.'" Woodyard v. Cty. of Essex, 514 F. App'x 177, 183 (3d Cir. 2013) (quoting Rose v. Bartle, 871 F.2d 331, 353 (3d Cir. 1989)). "The trial court's later suppression . . . is irrelevant to a determination of whether probable cause supported the arrest warrant and the indictment." Id. If there was probable cause to indict Plaintiff, his subsequent detention was lawful. See Herman v. City of Millville, 66 F. App'x 363, 365 n.3 (3d Cir. 2003) (stating that probable cause is a

"complete defense" to plaintiff's false arrest, false imprisonment, and malicious prosecution claims).

The facts as set forth in the complaint do not state a false arrest or false imprisonment claim, but Plaintiff may be able to allege facts supporting those claims.  Therefore, the Court will grant him leave to amend.

B.  Failure to Intervene

Plaintiff alleges Detective Doe failed to intervene and stop Detective Price's illegal conduct.  "To be directly liable under a failure to intervene theory, (1) the plaintiff must have 'demonstrate[d] that her underlying constitutional rights were violated[,]'; (2) the officer had a duty to intervene; and (3) the officer must have had a 'realistic and reasonable opportunity to intervene.'"  Klein v. Madison, 374 F. Supp. 3d 389, 419 (E.D. Pa. 2019) (quoting Adams v. Officer Eric Selhorst, 449 F. App'x 198, 204 (3d Cir. 2011); Smith v. Mensinger, 293 F.3d 641, 650–51 (3d Cir. 2002)) (alterations in original).

The Court has determined that Plaintiff has not stated a claim for violations of his constitutional rights by Detective Price.  Therefore, he has not stated a claim against Detective Doe for failure to intervene.  In the event Plaintiff moves to amend his complaint to address the deficiencies noted by the Court in the underlying false arrest and false imprisonment

5

claims, Plaintiff may also move to amend this claim against Detective Doe.

C. <u>Atlantic County Prosecutor's Office</u>

Plaintiff asserts a claim against the Atlantic County Prosecutor's Office. He alleges the Prosecutor's Office "was well aware of an investigation being carried out by Detective Price. His superior could of overlooked his findings, and made sure that he followed the guide lines for questioning anyone who may receive charges for which he is being Questioned for." ECF No. 1 at 7.

In order to state a failure-to-supervise claim against a municipal defendant such as the Prosecutor's Office, Plaintiff must make "a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." <u>Forrest v. Parry</u>, 930 F.3d 93, 106 (3d Cir. 2019). "[A] plaintiff alleging failure-to-supervise, train, or discipline must show that said failure amounts to deliberate indifference to the constitutional rights of those affected." <u>Id.</u>

Plaintiff's complaint does not contain any facts suggesting the Prosecutor's Office was deliberately indifferent to his constitutional rights. The conclusory statement that the

6

Prosecutor's Office was "aware" of Detective Price's investigation does not support a plausible inference that it failed to supervise him. Plaintiff may move to amend this claim in the event he can support his claim with specific facts.

D.  Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). As Plaintiff may be able to provide facts supporting his false arrest, false imprisonment, and failure to supervise claims, he may move to amend his complaint within 30 days of this Opinion and Order.

Plaintiff should note that when an amended complaint is filed, the complaint no longer performs any function in the case and cannot be utilized to cure defects in the complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). The amended complaint may adopt some or all of the allegations in the complaint, but the identification of the particular allegations to be adopted must be clear and explicit. Id. To avoid confusion, the safer course is to file an amended complaint that is complete in itself. Id. Plaintiff's new complaint may not include claims that were dismissed with prejudice.

7

In the event Plaintiff does not move to amend his complaint within the time set by the Court, the dismissal without prejudice shall convert into a dismissal with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) without further action by the Court

CONCLUSION

For the reasons stated above, the Complaint is dismissed without prejudice for failure to state a claim. An appropriate order follows.

Dated: December 17, 2019             __s/ Noel L. Hillman_____
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.