```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| GEORGE W. STOKES,<br><br>      Plaintiff,<br><br>  v.<br><br>ERIC PRICE, et al.,<br><br>      Defendants. | No. 19-cv-14311 (NLH) (AMD)<br><br><br>OPINION |

APPEARANCE:

George W. Stokes, 260218
Atlantic County Jail
5060 Atlantic Ave.
Mays Landing, NJ 08330

    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff George W. Stokes, presently incarcerated in the Atlantic County Jail in Mays Landing, New Jersey, has submitted a second amended complaint under 42 U.S.C. § 1983 against Detective Eric Price, Detective John Doe, Supervisor John Doe, Atlantic County Prosecutor Damon G. Tyner, and the Atlantic County Prosecutor's Office.  See ECF No. 8.  The Court dismissed the original complaint on December 17, 2019, ECF No. 4, and the first amended complaint on January 13, 2020, ECF No. 7.  Plaintiff was granted one final opportunity to submit a complaint that could pass the Court's screening under 28 U.S.C. § 1915(e)(2).

1

At this time, the Court must review the second amended complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the second amended complaint with prejudice. 28 U.S.C. § 1915(e)(2)(b)(ii).

I.  BACKGROUND

Plaintiff filed a complaint under 42 U.S.C. § 1983 against Eric Price, Detective John Doe, and the Atlantic County Prosecutor's Office for violations of his Fifth Amendment rights. ECF No. 1. Plaintiff alleged the detectives questioned him even after Plaintiff told them he was represented by counsel. Plaintiff later won a motion declaring that his right to remain silent had been violated. Id. at 6.

The Court screened the complaint for dismissal under 28 U.S.C. § 1915(e)(2)(B) and found that Plaintiff failed to state a claim. It dismissed his Fifth Amendment claim with prejudice because "violations of the prophylactic Miranda[1] procedures do not amount to violations of the Constitution itself." Giuffre v. Bissell, 31 F.3d 1241, 1256 (3d Cir. 1994). The Court granted leave to amend on Plaintiff's false imprisonment and

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

2

false arrest claims, the failure to intervene claim premised on those claims, and the municipal liability claims against the Prosecutor's Office.  ECF No. 3 at 4-5.

Plaintiff submitted his first amended complaint on January 9, 2020.  ECF No. 5.  The Court reviewed the amended complaint and determined that Plaintiff was reasserting his claim under Miranda and had otherwise failed to correct the factual deficiencies for his other claims.  See generally ECF No. 6.  The Court granted Plaintiff "a final chance at amendment."  Id. at 8.  Plaintiff submitted his second amended complaint on January 29, 2020.  ECF No. 8.

The second amended complaint asserts that Detective Price started investigating Plaintiff for alleged illegal drug activity in 2017.  Id. at 16.  Detective Price informed Supervisor Doe of his findings with his partner, Detective Doe. Id.  Plaintiff alleges the officers violated the New Jersey Wiretapping and Electronic Surveillance Control Act, ("New Jersey Wiretap Act"), N.J.S.A. § 2A:156A-1, et seq., by conducting "a consensual over hear" of a phone call.  Id. at 20. He further alleges Detectives Price and Doe recorded their interview with Plaintiff at Plaintiff's home.  Id. at 22.  He asserts they did not have the proper authorization from the New Jersey Attorney General's Office.  Id.  Plaintiff argues Prosecutor Tyner "allowed these Detectives to file the warrant

for my arrest, as a result of these con[s]ensual over hears." Id. at 22.

Plaintiff claims he lost his storage unit containing personal property and that $1,200 was seized from his pocket during his arrest. Id. at 23-24. He seeks a total damage award of $150,000 for the value of the items in the storage unit and emotional distress. Id. at 27.

## II. STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding in forma pauperis and is incarcerated.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind

4

Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

III. DISCUSSION

Despite being given another opportunity to amend his complaint, Plaintiff still has not addressed the deficiencies in his false arrest or false imprisonment claims. "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." James v. City of Wilkes-Barre, 700 F.3d 675, 680 (3d Cir. 2012). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." Orsatti v. New Jersey State Police, 71 F.3d 480, 483 (3d Cir. 1995).

Plaintiff has given the Court no information about his arrest other than it was based on information contained in consensual overhears, allegedly in violation of the New Jersey Wiretap Act. The New Jersey Wiretap Act permits a "person whose

5

wire, electronic or oral communication is intercepted, disclosed or used in violation of this act" to file a civil action against the interceptor.  N.J.S.A. § 2A:156A-24.  "Because federal courts are courts of limited jurisdiction, their power to adjudicate is limited to only those cases within the bounds of Article III and the United States Constitution and Congressional enactments stemming therefrom."  Tobin v. United States, 170 F. Supp. 2d 472, 475 (D.N.J. 2001) (internal quotation marks omitted).

"[Section] 1983 merely provides a mechanism for enforcing individual rights 'secured' elsewhere, i.e., rights independently 'secured by the Constitution and laws' of the United States."  Gonzaga Univ. v. Doe, 536 U.S. 273, 285 (2002). "[O]ne cannot go into court and claim a violation of § 1983 — for § 1983 by itself does not protect anyone against anything." Id. (internal quotation marks omitted) (alteration in original). In the absence of another source of federal jurisdiction, i.e. a federal question or diversity of the parties, the Court cannot adjudicate Plaintiff's claim that the police violated a New Jersey state statute.

Construing the claim liberally in light of Plaintiff's pro se status, the Court considers whether Plaintiff has stated a claim for an interception in violation of the Federal Wiretap Act, 18 U.S.C. § 2511.

6

"A plaintiff pleads a prima facie case under the Wiretap Act by showing that the defendant '(1) intentionally (2) intercepted, endeavored to intercept or procured another person to intercept or endeavor to intercept (3) the contents of (4) an electronic communication, (5) using a device.'" In re Nickelodeon Consumer Privacy Litig., 827 F.3d 262, 274 (3d Cir. 2016) (quoting In re Google Inc. Cookie Placement Consumer Privacy Litig., 806 F.3d 125, 135 (3d Cir. 2015)).  There is an exception for a "person acting under color of law . . . where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception."  18 U.S.C. § 2511(2)(c); see also United States v. Antoon, 933 F.2d 200, 203 (3d Cir. 1991).

Plaintiff alleges his intercepted statements were made during a consensual overhear.  New Jersey courts have defined a consensual overhear as "when a subject makes a telephone call in [the officer's] presence, and that telephone call is recorded." State v. Olivo-Reinoso, No. A-2505-17, 2019 WL 237324, at *1 (N.J. Super. Ct. App. Div. Jan. 17, 2019).  The Court infers that the other party placed a call to Plaintiff and permitted the Detectives to record it.  Since a party to Plaintiff's communication consented to have the police record the conversation, it was not a violation of federal law.  Similarly, Plaintiff cannot base a federal claim on the Detectives

7

recording their interview with him because they consented to the recording as parties to the communication.[2]

Having failed to allege a claim against the Detectives, Plaintiff has also failed to allege a claim against the Atlantic County Prosecutor's Office and Prosecutor Tyner in a supervisory capacity.  See Kis v. Cty. of Schuylkill, 866 F. Supp. 1462, 1473-74 (E.D. Pa. 1994) (no liability for mayor and police chief where plaintiff failed to state a claim against subordinate officer).

In addition to his new wiretap claim, Plaintiff repeats his loss of property claim from the first amended complaint. However, he has not addressed any of the deficiencies noted by the Court in its January 13, 2020 opinion:

> Assuming for screening purposes that the loss of items at the storage unit and pawn shop can be considered a "taking" within the meaning of the Fourteenth Amendment, New Jersey state law provides several different procedures by which to either recover seized property, see, e.g., N.J. Ct. R. 3:5-7 (motion for return of wrongfully seized property in criminal case); N.J. Ct. R. 4:61-1 (writ of replevin), or to be compensated for the value of lost property, see, e.g., N.J. Stat. Ann. § 59-1:1 et seq. (New Jersey Tort Claims Act).  Plaintiff "has failed to explain why New Jersey's state procedures to recover . . . seized property, such as the ability to move in the criminal action for return of his property or the ability to file a separate action for a writ of replevin, are insufficient." [Revell v. Port Auth. of New York, New Jersey, 598 F.3d 128, 139 (3d Cir. 2010)]

---

[2] Consent also vitiates any Fourth Amendment claim.  See United States v. Beltran, No. 1:06-CR-0199, 2014 WL 820237, at *5 (M.D. Pa. Mar. 3, 2014) (citing 18 U.S.C § 2511(2)(c); Lopez v. United States, 373 U.S. 427 (1963)).

8

>   (citing State v. One 1986 Subaru, 576 A.2d 859 (N.J. 1990)).

ECF No. 6 at 7.  As Plaintiff has not even attempted to address this deficiency, the claim is dismissed.

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile."  Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  Plaintiff has had three chances to file a complaint that states a valid claim under § 1983; he has failed to do so.  The Court finds that further attempts to amend the complaint would be futile.  The Court will dismiss the complaint with prejudice for failure to state a claim.  28 U.S.C. § 1915(e)(2)(B)(ii).

CONCLUSION

For the reasons stated above, the second amended complaint will be dismissed with prejudice for failure to state a claim.  An appropriate order follows.


Dated: _October 20, 2020_          ___s/ Noel L. Hillman _____
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.